Edward Y. Eltonhead, Appellee, v. Walter S. Found et al., Charles Turgrimson, Appellant.

### Gen. No. 15,822.

USURY—*when bill of complaint does not show right to relief against.* Held, that the bill of complaint in this case, does not, without amendment, entitle the complainant to relief.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed March 1, 1910.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for appellant.

SAMUEL A. STRAUSS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee filed his bill in chancery against appellant Turgrimson and three other defendants. The intention of the pleader apparently was to allege that complainant in 1906 borrowed of defendant Found $500 and gave his note therefor, which note was in part for usury; that he renewed said note several times, and that each renewal note was in part for usury; that defendant Found transferred the last renewal note to the South Side Savings Bank, a defendant, before maturity, for the purpose of depriving complainant of the defense of usury to said note. The bill contains averments as to the giving of new notes by complainant to the South Side Savings Bank similar to the averments as to Found, and avers that said Savings Bank transferred the last note so given to it by complainant to defendant Hollingsworth before maturity, for the purpose of depriving complainant of the defense of usury to said note. The bill also contains similar averments as to giving new notes to Hollingsworth, and avers that Hollingsworth transferred the last note given to him by complainant to defendant Turgrimson before maturity, for the purpose of depriving complainant of the defense of usury thereto. The bill further avers that Turgrimson took judgment by confession against defendant for $715.37; that under an agreement with Turgrimson complainant paid Turgrimson $107 and gave him a new note for $617.37; that complainant gave Found as collateral security for his first note a warehouse receipt for certain property and the same had been transferred and held as security for each renewal note and is so held by Turgrimson; that complainant paid Found $250, said Bank $126, Hollingsworth $133 and Turgrimson $127, and that Turgrimson still holds said note for $617.37, a large portion of which is usurious interest.

On the filing of the bill an order was entered grant-

ing a temporary injunction restraining Turgrimson from transferring said note for $617.37 and from making any sale of the collateral security therefor or doing any act prejudicial to complainant in the premises, and from that order Turgrimson appealed.

If each defendant other than Turgrimson received usury from complainant and then transferred complainant's note before maturity to an innocent holder, and complainant is compelled to pay the last note to Turgrimson, then equity will require each of said defendants to pay to complainant the usury so received over and above legal interest. Woodworth v. Huntoon, 40 Ill. 131; House v. Davis, 60 *id.* 367. In the case first cited Chief Justice Walker, after stating the rule that where the whole debt is voluntarily paid, the debtor is estopped from recovering usury, said: "While in this case (where notes on which the holder had received usury were transferred by him to an innocent holder before maturity) it is involuntary, and by the transfer of the note before its maturity to a *bona fide* purchaser without notice, the defense is cut off. Nor can a debtor in such a case resort to a court of equity for relief by injunction of the usurious portion of the debt, as by the assignment before maturity the assignee acquires the note freed from all defense, either legal or equitable. As the payment is compulsory and by the assignment of the note the payee has, to say the least, obtained an unfair advantage, a court of equity will give relief, and it may be that the maker has a remedy at law for money paid for the use of the payee." In this case, according to the allegations of the bill, Turgrimson took the note transferred to him by Hollingsworth before maturity, and the note, the collection of which is sought to be enjoined, was given in renewal of that note. We think that under the authorities cited the complainant was not entitled to relief by injunction against Turgrimson.

In House v. Davis, *supra,* p. 371, it was said that in a case where a note including usury was transferred

to an innocent holder before maturity and judgment entered against the maker on such note, "The maker of the note should be permitted to bring the amount of the judgment and interest thereon into court for the benefit of the *bona fide* holder, and then he would be entitled to recover the usury against the payee."

We think it not improper to say that the bill should be amended and the facts relied on as entitling complainant to relief distinctly stated. There are in the present bill no distinct averments that the only consideration for the first note was the $500 borrowed by complainant of Found; nor that each new note was given in renewal of the preceding note and for no other consideration; nor that Found was the real owner of the note in which Finch was payee; nor any averment as to the ownership of notes by the South Side Savings Bank or Hollingsworth, in each of which notes, according to the allegations of the bill, a person not a defendant was the payee.

The order for an injunction will be reversed.

*Reversed.*